UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOKTOREZTK,<br><br>        Plaintiff,<br><br>v.<br><br>S. MORALES,<br><br>        Defendant. | Civil No. 09cv1288 JM (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION AND DECLARATION FOR APPOINTMENT OF COUNSEL [DOC. NO. 7]** |

    Plaintiff Michael Doktoreztk, a state prisoner proceeding pro se and in forma pauperis, filed a civil rights Complaint under 42 U.S.C. § 1983 on June 12, 2009 [doc. no. 1].[1] He alleged that his constitutional right to be free from cruel and unusual punishment was violated while he was in custody. (Compl. 9-18.) Plaintiff submitted this Motion and Declaration for Appointment of Counsel [doc. no. 7], which was filed <u>nunc pro tunc</u> to August 17, 2009.

    In support of his request for appointment of counsel, Dokrorezth asserts the following: (1) The issues in this case are complex; (2) he is indigent and ignorant of the law; (3) he will

---

[1] Because Doktoreztk's Complaint is not consecutively paginated pleading, the Court will cite it using the page numbers assigned by the Court's electronic case filing system.

1

1  have difficulty performing research and investigation; (4) the
2  prison law library is inadequate; (5) he will not have the
3  assistance of other inmates; and (6) the trial will likely involve
4  conflicting testimony.  (Mot. Decl. Appointment Counsel 1-2.)
5       28 U.S.C. § 1915(e)(1) provides:  "The court may request an
6  attorney to represent any person unable to afford counsel."  28
7  U.S.C.A. § 1915(e)(1) (West 2009).  Yet, "it is well-established
8  that there is generally no constitutional right to counsel in civil
9  cases."  United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir.
10 1996) (citing Hedges v. Resolution Trust Corp. (In re Hedges), 32
11 F.3d 1360, 1363 (9th Cir. 1994).  There is also no constitutional
12 right to appointed counsel to pursue a § 1983 claim.  Rand v.
13 Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Storseth v.
14 Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)); accord Campbell v.
15 Burt, 141 F.3d 927, 931 (9th Cir. 1998).  Federal courts do not
16 have the authority "to make coercive appointments of counsel."
17 Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989)
18 (discussing § 1915(d); see also United States v. $292,888.04 in
19 U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).
20      Nevertheless, district courts have discretion, pursuant to 28
21 U.S.C. § 1915(e)(1), to request attorney representation for
22 indigent civil litigants upon a showing of exceptional
23 circumstances.  See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101,
24 1103 (9th Cir. 2004) (citing Franklin v. Murphy, 745 F.2d 1221,
25 1236 (9th Cir. 1984)); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th
26 Cir. 1991); Burns v. County of King, 883 F.2d 819, 824 (9th Cir.
27 1989).
28

> A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved."

Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted)).  "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'"  Terrell, 935 F.2d at 1017 (quoting Wilborn, 789 F.2d at 1332).

I.    **Likelihood of Plaintiff's Success on the Merits**

To receive court-appointed counsel, Dokrorezth must present a nonfrivolous claim that is likely to succeed on the merits. Wilborn, 789 F.2d at 1331.  Plaintiff's Complaint purports to state a cause of action for violation of his right under the Eighth Amendment to be free from cruel and unusual punishment.  (Compl. 9-18.)  In the Complaint, Plaintiff asserts that on August 27, 2007, he was in protective custody, but Defendant Morales allowed inmates from the general population to assault him.  (Id.)

"[T]he treatment a prisoner receives and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Helling v. McKinney, 509 U.S. 25, 31 (1993).  The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety.'"  Id. at 33 (quoting Deshaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200 (1989)).  A claim that Defendant failed to protect Plaintiff from a substantial risk of serious harm at the hands of other inmates is properly analyzed under the Eighth Amendment.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Helling, 509

1  U.S. at 35); Wilson v. Seiter, 501 U.S. 294, 303 (1991); Robinson
2  v. Prunty, 249 F.3d 862, 866 (9th Cir. 2001).
3       Although Plaintiff's allegations are sufficient to state a
4  claim for relief, it is too early for the Court to determine
5  Dokrorezth's likelihood of success on the merits.  Without
6  additional factual information, the Court cannot conclude that
7  Plaintiff is likely to succeed.  See Bailey, 835 F. Supp. 550, 552
8  (S.D. Cal. 1993).
9  **II.  Plaintiff's Ability To Proceed Without Counsel**
10      To be entitled to appointed counsel, Dokrorezth must also show
11 he is unable to effectively litigate the case pro se in light of
12 the complexity of the issues involved.  See Wilborn, 789 F.2d at
13 1331.
14      Courts have required that "indigent plaintiffs make a
15 reasonably diligent effort to secure counsel as a prerequisite to
16 the court's appointing counsel for them."  Bailey v. Lawford, 835
17 F. Supp. at 552.  Plaintiff has not shown that he made any efforts
18 to secure cousnel.  (Mot. Decl. Appointment Counsel 1-2; id.
19 Attach. #1 Mem. P. & A. 1-2.)  Thus, he has not made a reasonably
20 diligent effort to secure counsel prior to petitioning for
21 appointment of counsel.
22      Dokrorezth claims he is unable to afford outside legal
23 counsel.  (Mot. Decl. Appointment Counsel 1-2.)  This argument is
24 not compelling because indigence alone does not entitle a plaintiff
25 to appointed counsel.  Plaintiff further asserts that the issues
26 are complex and he his has limited ability to adequately conduct
27 research and prepare his case.  (Id.)  He claims that the law
28 library is inadequate, and he will not have the assistance of other

1  inmates. (Id. at 2.)  Plaintiff argues that a trial would be
2  difficult because there may be conflicting testimony. (Id.)  Based
3  on these facts, Plaintiff requests a court-appointed attorney.
4  (Id. at 1-2.)
5       Although Dokrorezth asserts that his access to legal materials
6  is limited, he has not presented any facts demonstrating that he is
7  being denied "reasonable" access.  See Lindquist v. Idaho State Bd.
8  of Corrs., 776 F.2d 851, 858 (9th Cir. 1985).  "[T]he Constitution
9  does not guarantee a prisoner unlimited access to a law library.
10 Prison officials of necessity must regulate the time, manner, and
11 place in which library facilities are used."  Id.  Plaintiff has
12 not shown that he is denied reasonable access to a law library or
13 other means of conducting legal research, or that he is subjected
14 to burdens beyond those ordinarily experienced by pro se
15 plaintiffs.
16      Plaintiff has filed a Complaint, Motion and Declaration Under
17 Penalty of Perjury in Support of Motion to Proceed in Forma
18 Pauperis, and a Motion and Declaration for Appointment of Counsel
19 which are adequate in form [doc nos. 1, 2, 7].  But Dokrorezth
20 claims these filings were prepared by another inmate who will no
21 longer assist him. (Mot. Decl. Appointment Counsel Attach. #2 Ex.
22 A at 1.)  "[A]ny pro se litigant certainly would be better served
23 with the assistance of counsel."  Rand, 113 F.3d at 1525; see also
24 Wilborn, 789 F.2d at 1331 (explaining, "a pro se litigant will
25 seldom be in a position to investigate easily the facts necessary
26 to support the case[]").  But Plaintiff is only entitled to
27 appointed counsel if he can show "that because of the complexity of
28 the claims he [is] unable to articulate his positions."  Rand, 113

F.3d at 1525.  Dokrorezth has not pointed to anything in the record which makes this case "exceptional" or the issues in it particularly complex.

Additionally, factual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances. See Rand, 113 F.3d at 1525 (holding that while the appellant might have fared better with counsel during discovery and in securing expert testimony, "this is not the test[]").  The "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) are absent.

Because Plaintiff has failed to demonstrate either a likelihood of success on the merits of his claims or an inability to represent himself (beyond the ordinary burdens encountered by prisoners representing themselves pro se), Plaintiff's motion is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: September 2, 2009

_____
Ruben B. Brooks
United States Magistrate Judge

cc: Judge Miller
    All Parties of Record